two foreclosure actions were commenced. The real estate covered by the mortgages was substantially all the property left by the decedent. Soon after the suits were commenced the defendant, or some one on her behalf, applied to the plaintiffs in the actions, or their attorney, for an assignment of the mortgages to her, or to some one in her interest. There was evidently an offer to pay the full amount of the mortgages and the costs that had accrued. No actual tender was made, but the plaintiffs, or their attorney, who had full charge of the matters, refused absolutely to make any assignment. This obviated the necessity of an actual tender. Baumann v. Pinckney, 118 N. Y. 604–616, 23 N. E. 916, and cases cited.

The defendant is not an heir at law of the decedent. Under the will, if that stands, she has the title, and is interested to realize as much as possible after the payment of the debts. The plaintiffs cannot complain if they get full payment of their mortgages. The rights of general creditors are not prejudiced, and their remedies are not affected.

These actions, in some of their features, are somewhat similar to the case of Bayles v. Husted, 40 Hun, 376, where an assignment was ordered on payment of the mortgage, and a discontinuance of the foreclosure action was directed, without costs.

Under the circumstances shown in the record before us, we are of the opinion that the defendant, being the devisee of the title, and having a right to have her interests protected, is entitled to an assignment of the mortgages and accompanying bonds upon payment of the amount thereof, with interest to the time of payment, and costs to the extent of $15 in each action; the assignment, if desired by the defendant, to be made to such person as she may designate (Twombly v. Cassidy, 82 N. Y. 155), the payment to be made within a time to be fixed by the order, and upon such payment the actions to be discontinued without further costs. Order reversed, with $10 costs and disbursements, and motion for assignment and discontinuance granted, upon terms stated in the opinion.

Order to be settled before SMITH, J.

Similar order in Wells v. Rothwell.

---

(54 App. Div. 21.)

### In re BAKER et al.

(Supreme Court, Appellate Division, Third Department. September 25, 1900.)

HIGHWAYS—BOARD OF COMMISSIONERS — CONFIRMATION — APPEAL — AMENDING REPORT.

Where, pending an appeal from an order of the county court confirming the report of commissioners appointed to pass on the question of laying out a highway, an application was made to the county court to compel an amended return by the commissioners touching the evidence taken before them, the county court properly denied the application, since the record for the appellate court should be the exact case considered by the county court.

Appeal from Washington county court.

Application by Samuel D. Baker and another to lay out a highway and discontinue a portion of a highway. From an order of the county

court denying an application for an order directed to the commission-ers for an amended return, applicants appeal. Affirmed.

Commissioners were appointed by the county court to pass upon the ques-tion of laying out a highway. Testimony was taken, and the commissioners made their report. On motion the report was confirmed by the county court. An appeal was taken to this court from the order of confirmation. Pending the appeal, this application was made to the county court to compel an amend-ed return by the commissioners touching the evidence taken before them. The county court denied the application.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MER-WIN, and SMITH, JJ.

Willard Robinson (Edgar Hull, of counsel), for appellants.
John B. Conway (Fred A. Bratt, of counsel), for respondents.

PER CURIAM. We think the county court properly denied the application. If the appeal had not removed the matter beyond the jurisdiction of the county court, it is still an appeal from the judg-ment of the county court based upon the report of the commissioners and the evidence before the court as returned by the commissioners. To make a different record, with different facts, for this court, is not permissible. That would not, in any sense, be reviewing the county court. The record which comes here must be the exact case consid-ered by the county court.

The order of the county court is affirmed, with $10 costs and dis-bursements.